UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MONICA M. CAPLAN,

                              Plaintiff,
                                                            6:20-CV-00994
v.                                                               (BKS/TWD)

CITY OF ROME, et al.,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

FELT, EVANS LAW FIRM                   Jay G. Williams, III, Esq.
Counsel for Plaintiff
4-6 North Park Row
Clinton, NY 13323

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT - RECOMMENDATION

       Plaintiff commenced this civil rights action on August 27, 2020, and summonses were issued by the Court that day. (Dkt. Nos. 1, 2.) Thereafter, Plaintiff's death was suggested on the record by a notice filed by Plaintiff's counsel on September 9, 2020. (Dkt. No. 4.) On September 10, 2020, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Court issued a Text Order notifying the parties that a motion for substitution of the deceased party may be made by any party or by the decedent's successor, and if such motion was not made within 90 days after service of the statement noting death (Dkt. No. 4), the action by the decedent must be dismissed. (Dkt. No. 5.) Plaintiff filed affidavits of service of the summons and complaint on all parties on November 19, 2020. (Dkt. No. 7.) To date, none of the Defendants have appeared in this action. On December 30, 2020, the Court reviewed the docket noting that no substitution of an appropriate party for the deceased Plaintiff had been made within 90 days of the suggestion of

death. (Dkt. No. 8.) In light of the COVID pandemic, the Court sua sponte extended the time for substitution of an appropriate party for the deceased Plaintiff to January 8, 2021, and warned that the failure of a motion to substitute a fiduciary for the deceased Plaintiff would result in the case being dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1). *Id.*

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed for the substitution of parties upon the death of a party. The rule provides that a "motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. Proc. 25(a)(1). If no such motion is filed within 90 days "after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*.

Here, Plaintiff's counsel filed the suggestion of death on September 9, 2020, with the Court. (Dkt. No. 4.) The Court then provided an opportunity for substitution of the deceased party to be made in a timely fashion, and also extended the time to do so well after the original 90 days had expired. (Dkt. Nos. 5, 8.) More than 90 days have passed since the suggestion of death notification was filed. No person has filed a motion for substitution or requested an extension of time to file a motion for substitution. Therefore, the Court recommends this case be dismissed since the Plaintiff is deceased and no motion for substitution of Plaintiff has been made by any party or by the deceased Plaintiff's successor or representative.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that this case be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1] Such objections shall be filed with the Clerk of the

---

[1] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period,

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 12, 2021
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

3